**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| COLLEEN WAGNER and REGIS WAGNER, III, W/H, | : |
|        Plaintiffs, | : |
| | : |
|        v. | :    Civil No. 5:20-cv-05407-JMG |
| | : |
| THE PROGRESSIVE CORPORATION, | : |
|        Defendant. | : |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                    **December 28, 2021**

## I.      OVERVIEW

Plaintiffs have sued Defendant for bad faith pursuant to 42 Pa. C.S.A. § 8371. To prevail on their bad faith claim Plaintiffs must prove: (1) Defendant lacked a reasonable basis for denying them benefits; and (2) Defendant knew or recklessly disregarded its lack of a reasonable basis.

Plaintiffs seek to introduce expert testimony to assist the jury in evaluating Defendant's alleged bad faith. Plaintiffs offer Stuart J. Setcavage, a litigation expert with approximately 32 years of experience working in and around the insurance industry. *Setcavage Consulting LLC Report* at 2 ("SCR"), ECF No. 21-1. Defendant has filed a *Daubert* motion seeking to preclude Plaintiffs' expert from testifying. Motion to Preclude Testimony ("MTP"), ECF No. 21. For the reasons that follow, the Court denies the motion.

## II.     LEGAL STANDARD

Under the Federal Rules of Evidence, district courts must act as the gatekeepers of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); Fed. R. Evid. 702. Before testimony can reach the jury, the Court must evaluate it for three criteria: qualification, reliability, and fit. *UGI Sunbury LLC v. A*

*Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020).

A witness is *qualified* to provide expert testimony only if the witness has "specialized expertise" in the testimony's subject matter. *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). A witness's testimony is *reliable* only if it is founded upon "good grounds." *UGI Sunbury LLC*, 949 F.3d at 834; Fed. R. Evid. 702 (requiring that expert testimony be "based on sufficient facts or data" and be derived from "reliable principles and methods" that have been "reliably applied . . . to the facts of the case.") And a witness's testimony *fits* a case only if it would help the trier of fact to understand the evidence or determine a fact in issue. *UGI Sunbury LLC*, 949 F.3d at 835 (quoting Fed. R. Evid. 702); *see also United States v. Ford*, 481 F.3d 215, 219 n.6 (3d Cir. 2007) ("fit is [primarily] a relevance concern") (internal quotation marks omitted).

The Federal Rules of Evidence reflect a liberal policy of admissibility for expert testimony and embody a "strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. S.S. Co.,* 80 F.3d 777, 780 (3d Cir. 1996) (quoting *DeLuca v. Merrell Dow Pharm., Inc.,* 911 F.2d 941, 956 (3d Cir. 1990)); *see also Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). "Exclusion of expert testimony is the exception rather than the rule because vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Keller v. Feasterville Family Health Care Ctr.,* 557 F. Supp. 2d 671, 674 (E.D. Pa. 2008) (quoting Fed. R. Evid. 702, advisory committee's notes) (citing *Daubert*, 509 U.S. at 595).

III.   **ANALYSIS**

a. **Qualification**

"As to the first [Daubert] requirement - qualification - the Court of Appeals for the Third Circuit has eschewed imposing overly rigorous requirements of expertise and [is] satisfied with more general qualifications." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.,* 410 F. Supp. 2d 417, 420 (W.D. Pa. 2006) (citation omitted). "Thus, an expert can qualify based on a broad range of knowledge, skills, training, and experience." *Id.*

Mr. Setcavage has been working in and around the industry for over 32 years – 24 years as an insurance claims employee with State Farm Insurance and eight years as an insurance consultant, mediator, and claims investigator. SCR at 2. During these three decades he has reviewed the claims handling procedures of numerous Pennsylvania insurance companies, including the types at issue in this case. *Id*. His experience and work in the insurance industry suffices to qualify him as an expert with specialized expertise.

b. **Reliability**

"[T]he inquiry as to whether a particular scientific technique or method is reliable is a flexible one." *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 742 (3d. Cir. 1994). "[T]he relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150 (1999).

Defendant says Setcavage is unreliable in part because he "vaguely refers to industry standards" and is "unable to identify any specific industry standards upon which his opinions are based." MTP at 2. However, Setcavage relies on his personal knowledge and experience in addition to referencing the regulations and standards governing the industry. Setcavage has handled or supervised the handling of, approximately 25,000 automobile insurance claims over two decades. SCR at 2. He has also mediated insurance cases and worked with lawyers and claims representatives

3

regarding industry and regulatory standards. *Id.*

In his report, Setcavage compared Defendant's action to industry standards as codified in Pennsylvania's Unfair Insurance Practice Act (UIPA) and/or the Unfair Claims Settlement Practices (UCSP). *Id.* at 4-7. Although "a violation of the UIPA and UCSP is not a per se violation of the bad faith standard … whether or not [the company] has complied with applicable insurance statutes or regulations may be relevant as to whether [the company] has acted reasonably and/or deviated from industry standards." *Gallatin Fuels, Inc.,* 410 F. Supp. 2d at 421-422. "Conduct that violates the UIPA may be considered when determining whether an insurer acted in bad faith." *Somerset Industries v. Lexington Ins. Co.* 639 F. Supp. 2d 532, 544 fn. 7 (E.D. Pa. 2009); *see also Berkeley Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 218 (3d Cir. 2006) (discussing the guidance provided by two of the Court's recent decisions where experts were permitted to testify on the customs and standards in their industries).

Accordingly, the Court finds Setcavage's opinion to be reliable. *See United States v. Mitchell,* 365 F.3d 215, 244 (3d Cir. 2004) ("[a]s long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process - competing expert testimony and active cross - examination - rather than excluded from jurors' scrutiny.")

### c.  Fit

The final prong requires that the expert testimony 'fit' by assisting the trier of fact. *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000). Defendant argues that expert testimony is inappropriate because "[t]he concept of bad faith is easily understood by a lay person" being "neither particularly complex or scientific." MTP at 4-5.

"The issue of whether an expert is warranted in a bad faith action is very fact specific to each case and dependent on the complexity of the material." *Monaghan v. Travelers Prop. Cas. Co. of Am.,* 2014 U.S. Dist. LEXIS 96524, at *10 (M.D. Pa. 2014). Here, the issues include whether the

claims adjusting procedure was reckless or in compliance with industry standards and whether Defendant lacked a reasonable basis for denying Plaintiffs' claim. Insurance issues such as these can be complex to a layperson with no insurance industry knowledge or background and the jury may find an expert useful. Accordingly, we reject Defendant's first argument. *See Bonenberger v. Nationwide Mut. Ins. Co.,* 791 A.2d 378, 382 (Pa. Super. Ct. 2002) (indicating that expert opinion on bad faith claims is not always necessary but is left to the discretion of the trial court).

Defendant next argues that "Setcavage's opinions impermissibly purport to address the ultimate issue of whether Progressive acted in bad faith." MTP 2. Although "an opinion is not objectionable merely because it embraces an ultimate issue," Fed. R. Evid. 704 (a), "an expert witness is prohibited from rendering a legal opinion" as to whether a party's conduct comports with the law. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).

The Court agrees that some of Setcavage's opinions use the same terms of art and legal phrases that the jury may be required to apply in this case. SCR at 14, 17 (opining that Defendant "never made a good faith attempt" to effectuate prompt settlement of the claim; "it was not indicia of a good faith attempt" to promptly, fairly, and equitably settle the claim; and "claims handling in this regard is indicia of a reckless disregard.")

Taken at face value, these opinions might sound to the jury like conclusions of law and the Court is wary of expert testimony that could induce the jury to surrender its role to a party's expert. However, "[t]he basic approach to opinions, lay and expert, is to admit them when helpful to the trier of fact." Fed. R. Evid. 704, advisory committee's notes. The Court will admit Setcavage's testimony so long as he refrains from framing his opinions as legal conclusions.

## IV.    CONCLUSION

Because this Court finds that Setcavage's report is reliable and his opinion testimony will assist the trier of fact, Defendant's Motion to Preclude the Testimony of Setcavage is denied. *See Meyer-Chatfield v. Century Bus. Servicing, Inc.,* 732 F. Supp. 2d 514, 525 (E.D. Pa. 2010) (citation omitted) ("rejection of expert testimony is the exception rather than the rule…the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.")

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge